2011 VT 83



State v. Smith (2010-388 &
2010-389)

 

2011 VT 83

 

[Filed 28-Jul-2011]

 

NOTICE:  This opinion is
subject to motions for reargument under V.R.A.P. 40 as well as formal revision
before publication in the Vermont Reports.  Readers are requested to
notify the Reporter of Decisions, Vermont Supreme Court, 109
State Street, Montpelier, Vermont 05609-0801 of any errors in order that
corrections may be made before this opinion goes to press.

 

 


 2011 VT 83
 
  


 Nos. 2010-388 & 2010-389
 
  


 State of Vermont
 
 
 Supreme Court
 
 
  
 
 
  
 
 
  
 
 
 On Appeal from
 
 
      v.
 
 
 Superior Court, Franklin Unit,
 
 
  
 
 
 Criminal Division
 
 
  
 
 
  
 
 
 Scott Smith
 
 
 May Term, 2011 
 
 
  
 
 
  
 
 
  
 
 
  
 
 
 A. Gregory Rainville,
 J.
 
 
  
 
 Heather J. Brochu, Franklin County
Deputy State’s Attorney, St. Albans, for Plaintiff-Appellant.

 

Matthew F. Valerio, Defender
General, Anna Saxman, Deputy Defender General, and 

  Katie Polonsky, Law Clerk
(On the Brief), Montpelier, for Defendant-Appellee.

 

 

PRESENT:  Reiber, C.J.,
Dooley, Johnson, Skoglund and Burgess, JJ.

 

 

¶
1.            
DOOLEY, J.  At issue in this case is whether a boom lift—a
motorized wheeled machine used to elevate and move workers around building
sites—is a motor vehicle.  Defendant was charged with driving under the
influence (DUI) and driving with license suspended (DLS), and was served with a
notice of intent to suspend his license as a result of an incident in which he
moved a boom lift across a street while intoxicated.  The trial court
dismissed the charges, holding that defendant did not drive a “motor vehicle”
as that term is used in the applicable statutes. 
The State appeals.  We disagree with the trial
court’s construction of the statutes and accordingly reverse.

¶
2.            
The material facts are undisputed.  On May 28, 2010, at
approximately 1:10 a.m., a police officer observed defendant drive a boom lift
from a building site at the Franklin County Courthouse onto Lake Street in the
City of St. Albans.  Defendant worked at the building site and was
responsible for moving the lift to a parking lot across the street to be
refueled for the next day’s work.  He forgot to move the lift at the end
of the workday and returned to the site at night to do so.  Suspicions
aroused, the officer approached defendant, smelled a strong odor of intoxicants
on him, and noticed he was slurring his words and swaying back and forth while
standing still.  The officer performed standard field sobriety tests and
then transported defendant to the police department to be processed for
suspicion of DUI.  When he eventually took a breath test, defendant
registered a blood alcohol concentration of 0.203.  Defendant was charged
with both driving under the influence in violation of 23 V.S.A. § 1201(a)(2) and driving with license suspended in violation of 23
V.S.A. § 674(b).  He was served with a notice of intent to suspend
his license pursuant to 23 V.S.A. § 1205.  On September 15, 2010,
defendant filed a motion to dismiss the charges pursuant to Vermont Rule of
Criminal Procedure 12(d), claiming the State would be unable to establish that
he operated a vehicle, an element of the offenses.  The trial court agreed,
dismissing the information and the civil suspension proceeding.  The State
appealed both dismissals.*

¶
3.            
A boom lift is a machine with four wheels and a gas or oil fueled
motor.  The operator stands in the bucket at the end of the lift arm to
engage the motor to travel to the precise position required for work.  The
maximum speed of movement of the boom lift is approximately five miles per
hour.  Once the machine is in the correct location, the lift arm
operates by battery or hydraulic power.  While in the bucket, the operator
maneuvers the arm and the machine base using levers, joysticks, toggle
switches, and buttons.  A boom lift contains several safety measures
including one that automatically stops it when a foot pedal is released and
another that locks the machine in place when it is imbalanced.  

¶
4.            
Vermont’s DUI statute prohibits a person from operating, attempting to
operate, or being in actual physical control of “any vehicle on a highway” if he
or she has an alcohol concentration of 0.08 or more.  23 V.S.A. § 1201(a)(1).  Similarly, the civil suspension statute requires
the Commissioner of Motor Vehicles to suspend the operator’s license of a
person who violates § 1201.  Id. § 1205(a).
 The period of suspension depends upon whether there have been earlier
suspensions.  See Id. § 1205(m).  Under § 1200(6), a “[v]ehicle” for purposes of § 1201 is a “motor vehicle” as
defined in § 4 of Title 23, plus two additional types of vehicles not involved
in this case.  A “Motor vehicle” is defined by § 4(21) as “all vehicles
propelled or drawn by power other than muscular power, except farm tractors,
vehicles running only upon stationary rails or tracks, motorized highway
building equipment, road making appliances, snowmobiles, or tracked vehicles or
electric personal assistive mobility devices.”  Thus, the issue in this
appeal is whether the boom lift is a motor vehicle under this definition. 
This is a legal question that we review de novo.  State
v. Neisner, 2010 VT 112, ¶ 11, ___ Vt. ___, A.3d
597.

¶
5.            
The State argues that the plain meaning of the definition in § 4(21)
covers the boom lift.  The boom lift can be driven from location to
location by its gas or oil motor and is therefore “propelled or drawn by power
other than muscular power.”  23 V.S.A. § 4(21). 
Further, it does not fit under any of the exceptions in the statute.  In
contrast, defendant argues that a boom lift’s design indicates it is not a
motor vehicle because it is meant to be used primarily in a stationary
position; it is not used for transportation and lacks common characteristics of
motor vehicles such as a steering wheel and seat.  Defendant argues that
it is similar to many of the machines that are in the list of exceptions in the
statute.   

¶
6.            
We are persuaded by the State’s argument.  The general definition
of a motor vehicle in the statute includes a boom lift; no exception applies to
this machine.  In determining the scope of a statutory provision, we ask
first whether the language of the provision is plain and unambiguous.  If
so, “we presume the Legislature intended the express meaning of that
[statutory] language, and we enforce it according to its terms without
resorting to statutory construction.”  State v. Deyo,
2006 VT 120, ¶ 13, 181 Vt. 89, 915 A.2d 249.  The
language “propelled or drawn by power other than muscular power,” found in §
4(21), is plain and unambiguous.  The facts clearly establish that a boom
lift is powered by a motor rather than muscular power; therefore, it falls
within this express definition of a motor vehicle.  The statutory
exceptions in § 4(21) are also plain and unambiguous.  A boom lift is
manifestly not a farm tractor, snowmobile, stationary rail vehicle, tracked
vehicle, or electric personal assistive mobility device.  Defendant’s
employer also testified that it is neither motorized building equipment nor a
road-making appliance.  We need go no further than the plain meaning to
hold that a boom lift is a vehicle for purposes of 23 V.S.A. § 1201(a)(2) and §
1205(a).  

¶
7.            
Defendant claims that the statutory language cannot be plain and
unambiguous because the list of exceptions is not exhaustive.  Defendant
highlights the Legislature’s revisions adding to the exceptions in § 4(21) as
evidence that the list is not intended to be comprehensive, but rather is
illustrative of an intent to exclude machines not created for the purpose of
transportation of the operator and others.  While defendant concedes that
a boom lift does not fall within the explicit exceptions to the statutory
definition of a motor vehicle, he argues that since the main utility of a boom
lift is not transportation, it should be exempt from classification as a motor
vehicle.  

¶
8.            
If the Legislature had intended that exceptions comparable to those
explicitly mentioned be recognized, it could have drafted the language to make
the list of exceptions nonexclusive.  Without such an authorization, we
have held that “where express exceptions are made, the legal presumption is
that the Legislature did not intend to save other cases from the operation of
the statute. . . . [A]n exception in a statute amounts to an affirmation of the
application of its provision to all other cases not excepted,
and excludes all other exceptions.”  Fairbanks, Morse & Co. v.
Comm’r of Taxes, 114 Vt. 425, 431, 47 A.2d 123, 126 (1946); see also Vermont
Dev. Credit Corp. v. Kitchel, 149 Vt. 421,
424-25, 544 A.2d 1165, 1167 (1988) (citing Fairbanks and declining to
recognize an additional exception to listed statutory exceptions).  The
underlying principle is that if the Legislature made specific exceptions to the
applicability of the provision and also wished to include another exception, it
would have explicitly stated the additional exception.  This rule of
statutory construction creates a strong presumption for affirming the broad
application of the statutory definition of a motor vehicle and denying the
addition of implied exceptions to explicit exceptions.  

¶
9.            
This construction is reinforced by the inclusive language of the basic
definition of motor vehicle.  The statute uses the modifier “all” before
“vehicles” indicating that the Legislature intended that the provision
encompass all vehicles not specified in the listed exceptions.  Cf. Coburn
v. Seda, 677 P.2d 173, 175 (Wash. 1984)
(emphasizing the inclusive ordinary meaning of “any” in “any civil
action”).  

¶
10.        
Defendant also argues that construing the exceptions narrowly would lead
to irrational and absurd results inconsistent with legislative intent. 
Specifically, defendant argues that considering the definition and list of
exceptions to be exhaustive would lead to such absurd results as classifying a rototiller as a motor vehicle.  Defendant relies
particularly on our decision in State v. Tacey,
in which this Court ruled that a broken-down car that was being towed was still
a motor vehicle despite being unable to move of its own power.  102 Vt. 439, 439, 150 A. 68, 69 (1930).  According to Tacey, the Legislature intended the definition of
“motor vehicle” to assess the “design, mechanism, and construction of the
vehicle, and not its temporary condition.”  Id. at 441, 150 A. at
69.  Defendant argues that the “design, mechanism and construction” of the
boom lift indicates that it is not a motor vehicle.

¶
11.        
While defendant correctly states that statutes must be construed to
avoid irrational results and effect legislative intent, these concerns are not
implicated in this case.  Nor do we have to analyze the statutory language
in comparison with every kind of motorized equipment in order to resolve this
case.  Key features of a boom lift’s design are its ability to transport
itself and its operator to the proper location at the building site where the
lift arm is needed, and its operation from the bucket.  Without this
transportation function, the lift would be extremely difficult to use because
it could not be easily moved to different places at a work site.  That the
machine travels at a relatively slow speed and is generally driven only
relatively short distances is immaterial.  Just as the broken-down car in Tacey was assessed based upon its design rather than
its temporary condition, so should the boom lift be assessed by its capability
to be used for motorized transport rather than the frequency of such use in
comparison to the lift function. 

¶
12.        
We cannot separate out the statutory language from the purpose to
protect the public.  The boom lift may proceed slowly, but it is a large
piece of heavy machinery that could inflict personal injury or property damage
if it ran into a person or personal or real property.  It is not
irrational for the Legislature to adopt a broad definition of motor vehicle to
ensure that persons or property are not injured or damaged by impaired
operators of equipment proceeding on a public highway.

Reversed.

 


  
 
 
  
 
 
 FOR THE COURT:
 
 
  
 
 
  
 
 
  
 
 
  
 
 
  
 
 
  
 
 
  
 
 
  
 
 
  
 
 
  
 
 
  
 
 
  
 
  











*  The State also
appealed the dismissal of the DLS charge, a misdemeanor.  The State
cannot, however, appeal a final judgment in a misdemeanor case; the applicable
statute restricts appeals in such cases to interlocutory appeals.  13
V.S.A. 7403(a); see State v. Dann, 167 Vt.
119, 127, 702 A.2d 105, 110 (1997); State v. Saari,
152 Vt. 510, 513, 568 A.2d 344, 347 (1989).  At oral argument on appeal,
the State acknowledged that it could not appeal the dismissal of the DLS charge. 
We interpret the State’s acknowledgement as the withdrawal of the appeal of the
DLS dismissal and do not consider that aspect of the original appeal.